IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Timothy Wayne Culbreath, | ) | Civil Action No.: 9:15-1788-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Timothy Wayne Culbreath, ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under the Social Security Act.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.  On April 20, 2016, the Magistrate Judge issued a Report and Recommendation, ("Report"), concluding that the findings of the Administrative Law Judge, ("ALJ"), were supported by substantial evidence and recommending that the decision of the Commissioner be affirmed.  (ECF No. 18).  Plaintiff filed an Objection to the Report on May 4, 2016, (ECF No. 19), to which the Commissioner replied on May 20, 2016.  (ECF No. 20).  The matter is now ripe for review and decision by this Court.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including, in particular, the Report and Plaintiff's Objection.  The Court concludes that none of Plaintiff's contentions meaningfully counter the core legal conclusions of the Magistrate Judge's analysis, including the Magistrate Judge's findings that the ALJ properly analyzed Plaintiff's credibility, properly considered the combination of the effects of Plaintiff's various impairments, and performed an adequate listing analysis, particularly when viewed in the context of the ALJ's overall decision.

For the foregoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 18), overruling Plaintiff's Objection.  (ECF No. 19).  The decision of the Commissioner is thereby **AFFIRMED.**

**IT IS SO ORDERED**.

s/Mary G. Lewis
United States District Judge

June 1, 2016
Columbia, South Carolina

2